This day this cause came on to be heard upon the petition of the relator, the joint answer of .Charles W. Walters and The Cleveland Stone Company, the reply of relator thereto, and the evidence, and was argued by counsel. And the court being fully advised in the premises find that a railway corporation has been organized under the laws of Ohio to take over and operate as a common carrier that portion of the tracks formerly owned by The Marietta, Columbus & Cleveland Railroad Company lying between Vincent, Ohio, and Moore’s Junction, Qhio, in accordance with the prayer and demand of relator’s petition, and that for that reason all questions touching the right or authority of said defendants or either of them to operate that portion of said railroad as an industrial branch is eliminated from the consideration of this court in this case.
*608 And the court further find, in reference to the further allegations in relator’s petition, that it has no jurisdiction, in an action in quo warranto, to grant relief by way of injunction, other than as incident to and necessary for the enforcement of the provisions of Sections 12303 and 12304, General Code,' authorizing an action in quo warranto, and that the further averments of said petition do not bring this cause within the provisions of either of said sections, and that the sole and only relief sought in plaintiff’s petition is an injunction restraining acts not corporate in their character, and that this court has no original jurisdiction in an action where injunction is the sole relief prayed for and not merely incident to a suit in quo warranto.
The court further find that the nonanswering defendants Robert Grant and Harris Brothers are mere nominal defendants, and for the reasons aforesaid, the petition of relator is dismissed and defendants discharged without day.

Writ denied.

Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.
Nichols, C. J., and Wanamaker, J., dissent.